

**ORDERED in the Southern District of Florida on June 1, 2015.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re | CASE NO. 15-10472-BKC-RAM |
| | CHAPTER 7 |
| NAZAEL DUMAY, | |
| Debtor. | |

### ORDER GRANTING IN PART AND DENYING IN PART TRUSTEE'S OBJECTION TO EXEMPTIONS

The Court held a hearing on May 26, 2015 on the Trustee's Objection to Claimed Exemptions [DE #36] (the "Objection to Exemptions"). The Trustee objects to the Debtor's assets scheduled as exempt to the extent they exceed in value the available $1,000 limit on personal property and $1,000 limit on a vehicle. The Trustee also objects to the Debtor's claim that

property located at 300 NW 133 St., Miami, Florida 33168 (the "300 Property") is exempt pursuant to 11 U.S.C. §522(b)(3)(B) as held in a tenancy by the entireties ("TBE") with the Debtor's non-filing spouse.

At the hearing, the Debtor had no objection to the portion of the Objection to Exemptions seeking to confirm dollar limitations. The Debtor did present argument on the TBE issue. Because the Debtor did not file a written response, the Court announced at the hearing that it would set a further hearing and briefing schedule on the TBE issue. However, after reviewing the law, the Court concludes that the Debtor is correct and no further briefing or hearing is necessary. If the Trustee believes the Court has misapplied the law, he may move for reconsideration.

## Discussion

The Trustee argues that the Debtor cannot claim to hold the 300 Property in a TBE with her non-filing husband because the Debtor's husband first acquired ownership of the property in January 6, 2012 in his name alone [DE #36, Ex. 1] and then transferred title to himself and the Debtor spouse later that same day [DE #36, Ex. 2]. The Trustee further argues that under these facts the Debtor fails to meet the unities of time and title, two of the six unities required under Florida law to

establish TBE ownership over property. *Beal Bank, SSB v. Almand and Assocs.*, 780 So. 2d 45, 53 (Fla. 2001).

The Debtor relies on Fla. Stat §689.11(1)(b) which states that "[a]n estate by the entirety may be created by the action of the spouse holding title... [c]onveying to both spouses." Fla. Stat. 689.11(1)(b) was enacted prior to 2012, the date of the transfers, and is applicable to this case. *See e.g. Sigmund v. Elder*, 631 So.2d 329, 331 (Fla. 1st DCA 1994)("section 689.11, Florida Statutes, which provides, in pertinent part, that an estate by the entirety may be created by the conveyance of the spouse holding title to both spouses."). Because Fla. Stat. 689.11 specifically provides that a spouse holding title to property may convey that property to both spouses and create a TBE, which is what the Debtor did in this case, the Debtor is entitled to exempt the 300 Property as TBE. Therefore, it is-

**ORDERED** as follows:

1. The Trustee's Objection to Exemptions is granted in part. The Debtor's personal property claimed exemptions are limited to $1,000 in personal property pursuant to Fla. Const. Art. X, §4(a)(2) and $1,000 for a motor vehicle pursuant to Fla. Stat. 222.25(1).

2. The Trustee's Objection to Exemptions is denied to the extent the Trustee objects to the Debtor's claim that the 300

Property is owned by the Debtor and the Debtor's non-filing spouse as TBE. The TBE exemption is allowed.

###

COPIES FURNISHED TO:

Timothy S. Kingcade, Esq.
Robert A. Angueira, Esq.